IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02094-KAS

ANA CANEDO-LUNA,

     Petitioner,

v.

GEORGE VALDEZ,[1] in his official capacity as Acting Field Office Director of the Denver Field Office for U.S. Immigration and Customs Enforcement,
GEO GROUP, INC.,
DAVID VENTURELLA, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement,
U.S. DEPARTMENT OF IMMIGRATION AND CUSTOMS ENFORCEMENT,
MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security,
DEPARTMENT OF HOMELAND SECURITY, and
TODD BLANCHE, in his official capacity as Acting Attorney General of the United States,

     Respondents.

_____

**ORDER**

_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [#1] (the "Petition"), which was filed by Ana Canedo-Luna ("Petitioner"). The Court ordered Respondents to show cause within five days of service why the Petition should not be granted. *Order to Show Cause* [#4]. Respondents filed an Answer [#13] (the "Response"). The parties have each consented to this Court's jurisdiction. *Consent to Jurisdiction* [#5]. The Court has reviewed the briefs, the entire

---

[1] Petitioner names Robert Hagen as the Acting Field Office Director of the Denver Field Office for U.S. Immigration and Customs Enforcement and Todd Lyons as the Director of U.S. Immigration and Customs Enforcement. Mr. Valdez is automatically substituted in Mr. Hagen's place and Mr. Venturella is automatically substituted in Mr. Lyons's place pursuant to Fed. R. Civ. P. 25(d).

case file, and the applicable law. For the reasons set forth below, the Court **ORDERS** that the Petition [#1] be **GRANTED**.

## I.    Background

Petitioner, Ana Canedo-Luna, is a 48-year-old Mexican national who currently resides in Rock Springs, Wyoming; she states she has resided in the United States continuously since arriving with her parents in 1988 at the age of ten. *Pet.* [#1] ¶ 13. At the time of filing her Petition, Petitioner was detained at the Aurora ICE Processing Center in Aurora, Colorado, and had been detained there since January 2026. *Id*.

Petitioner states she was stopped by a Sweetwater County sheriff's deputy on January 9, 2026, while driving to her place of work in Rock Springs, Wyoming. *Id.* ¶ 20. The Sheriff's deputy initiated a traffic stop in front of her place of work and told her that her license plate, which she had just renewed, belonged to a different vehicle. *Id.* Petitioner indicates that she now believes this stop was pretextual. She alleges that Sweetwater County Sheriff has a contract with ICE; the deputy had followed her for a considerable distance while seemingly looking for an excuse to stop her; and that she was pulled over in a downtown area of Rock Springs, Wyoming, where traffic enforcement responsibilities are generally performed by the city's police department and not by the Sweetwater County Sheriff. *Id.* After providing the deputy with her driver's license, car registration, and proof of insurance, the deputy informed Petitioner that she was being arrested for immigration violations. *Id.* ¶ 21. Petitioner was then transported to the Sweetwater County Sheriff's Office and later transferred to the GEO Processing Center. *Id*. ¶ 23. Petitioner alleges that she was arrested and detained without a warrant. *See id.* ¶ 21-24.

There is no indication that Petitioner was apprehended or detained by United States Border Patrol or any other entity when she entered the United States. Other than decades-old citations for an unleashed pet and minor traffic violations, Petitioner alleges that she has only been arrested once in 2011 on false allegations which led to charges that were almost immediately dismissed. *Id*. ¶ 17. She also alleges that although she was placed in immigration proceedings at that time, those proceedings were closed and an order of voluntary departure that had resulted from those proceedings was vacated. *Id*. Petitioner also alleges that her son applied for an adjustment of status on her behalf which, to the best of her knowledge, is still pending, and that she possesses a valid work permit based on the adjustment application. *Id.* ¶ 18.

The Government purports to detain Petitioner under 8 U.S.C. § 1225(b). *Resp.* [#13] at 2. Petitioner raises several arguments as to why her continued detention is illegitimate, including that Respondents have violated her Fifth Amendment due process rights by not providing her with a constitutionally adequate bond hearing, *see Pet.* [#1] at 28; they incorrectly claim she is an arriving alien under 8 U.S.C. § 1225(b)(2)(A), *see Pet.* [#1] at 29; they have violated Petitioner's Fourth Amendment right to be free from unreasonable seizure without probable cause, *see id.* at 22-24; and they committed various violations of the Administrative Procedure Act (APA), 5 U.S.C. § 706(2)(A). *Pet.* [#1] at 25-28. Petitioner has sued George Valdez, the acting Field Office Director for the Denver Field Office for Immigrations and Customs Enforcement ("ICE"); GEO Group, Inc.; David Venturella, the Acting Director of ICE; ICE itself; Markwayne Mullin, the Secretary of the Department of Homeland Security ("DHS"); the DHS itself; and Todd Blanche, the

3

Acting United States Attorney General. *Id*. ¶¶ 6-11. Each individual defendant is sued in his official capacity. *Id*. ¶ 12.

This matter is ripe for disposition. No party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## II.     Legal Standard

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## III.     Analysis

Petitioner's due process claim turns on whether Respondents may properly detain her pursuant to § 1225(b)(2)(A), such that she is not entitled to a bond hearing. The Court summarizes the relevant statutory framework before turning to the issues raised in the Petition.

4

A.      **Statutory Framework**

Sections 1225 and 1226 govern detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303). This section permits, but does not require, the Attorney General to detain noncitizens pending removal proceedings, subject to certain exceptions not applicable here. *Jennings*, 583 U.S. at 303; 8 U.S.C. § 1226(a)(1)-(2) (the Attorney General "*may* continue to detain" or "*may* release" the noncitizen) (emphasis added). Section 1226(a) thus establishes a discretionary framework for the detention of noncitizens pending removal proceedings.

Section 1225(b) "supplement[s] § 1226's detention scheme." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1246 (W.D. Wash. 2025) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022)). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States," i.e., "applicants for admission." *Jennings*, 583 U.S. at 297. This section provides, in relevant part, that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained" pending removal proceedings. 8 U.S.C. § 1225(b)(2)(A) (emphasis added). Under § 1225(a)(1), an "applicant for admission" is

> An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters).

5

Absent an exception for urgent humanitarian reasons not implicated in this case, "detention under § 1225(b)(2) is considered mandatory," and "[i]ndividuals detained under § 1225 are not entitled to a bond hearing." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (citing *Jennings*, 583 U.S. at 297).

**B.    Application**

Respondents cursorily state that their position is that § 1225(b)(2)(A) requires Petitioner's detention such that she is not entitled to a bond hearing. *Resp.* [#13] at 2-5. As Respondents acknowledge, "[t]he central legal issue presented in this case concerns whether a noncitizen who is present in the United States and has not been admitted is subject to mandatory detention by [ICE] under 8 U.S.C. § 1225(b), or whether such a noncitizen is entitled by § 1226(a) to seek a bond hearing." *Id*. at 1-2. As Respondents further acknowledge, however, "[t]his issue is not materially different from an issue this Court has resolved in a prior ruling in another case[,]" *id*. at 2, referring to *Quintanilla Ramirez v. Baltazar, et al.*, No. 26-cv-01566-KAS, 2026 WL 1251616 (D. Colo. May 6, 2026). And Respondents further acknowledge that "until the Tenth Circuit rules on this issue, the Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to that decision . . . ." *Resp.* [#13] at 3. Moreover, the Court notes that Respondents have cited no source of law binding on the Court in perfunctorily arguing that the court should reconsider its prior ruling.

The Court agrees with Respondents that its analysis in *Quintanilla Ramirez* also governs here. And Respondents have provided no reason to revisit that ruling. The Court therefore refers the parties to its analysis in *Quintanilla Ramirez*, finding that the analysis provided in that case also applies here. The Court further refers the parties to the due

process analysis conducted in this Court's recommendation in *Kumar v. Lyons* and adopted via reference in *Quintanilla Ramirez*. *See Kumar v. Lyons*, No. 26-cv-00913-NYW-KAS, 2026 WL 1471424 (D. Colo. Apr. 3, 2026), *report and recommendation adopted*, 2026 WL 1282807 (D. Colo. May 11, 2026). Accordingly, Petitioner is entitled to a bond hearing because her continued detention without a bond hearing violates her due process rights.

## C.    Appropriate Remedy

Although Petitioner's arguments primarily reflect the idea that she should receive a bond hearing pursuant to § 1226, Petitioner requests that she be immediately released under appropriate conditions of supervision and only requests a bond hearing in the alternative. *See Pet.* [#1] at ¶¶ 115-16. In support of her request for immediate release, Petitioner argues that she was not arrested pursuant to a warrant. *Id.* at 4-5.

Respondents fail to address whether Petitioner was arrested pursuant to a warrant. *See generally Resp.* [#13]. Respondents, however, argue that "the appropriate relief is for the Court to direct that a bond hearing be conducted pursuant to § 1226(a) before an immigration judge" and that the Court "should not order immediate release" because other courts in this District have instead awarded bond hearings in this context. *Resp.* [#13] at 4. However, Respondents also fail to address whether any failure to grant Petitioner a bond hearing would or should affect the typical analysis conducted in this context.

As explained in *Kumar*, § 1226(a) generally "'does not require release,' but instead 'provides DHS the discretion to grant [a noncitizen] release on bond[.]" 2026 WL 1471424, at *5 (quoting *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025)). Additionally, the "issuance of a warrant, as well as detention

pursuant to it, is a condition that must be satisfied in order to justify discretionary detention under § 1226(a)" in the first place. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *4 (D. Colo. Sept. 16, 2025); *see also, e.g.*, *Singh v. Bondi*, No. 26-cv-43-J, 2026 WL 483651, at *12 (W.D. Okla. Feb. 12, 2026), *report and recommendation adopted*, 2026 WL 483482 (W.D. Okla. Feb. 20, 2026) (concluding that a warrantless arrest was improper, meriting petitioner's immediate release, because "under § 1226(a), a noncitizen may only be arrested and detained '[o]n a warrant issued by the Attorney General.' "); *Morelos Valdovinos v. Noem*, No. 26-cv-0338-JB-DLM, 2026 WL 948285, at *5-6 (D.N.M. Apr. 8, 2026) (noting that warrantless arrest in this context is permitted "only in narrow [statutorily-excepted] circumstances" and that the respondents' failure to establish either a warrant's existence or that a statutory exception applied warranted a petitioner's immediate release).

Here, the Court finds that Respondents have failed to establish that they have satisfied that condition. Previously, in certain other instances, this Court has permitted Respondents "a final opportunity to show that they have detained [a p]etitioner pursuant to a warrant[]" where, for instance, the circumstances alleged by the petitioner suggest that Respondents may have arrested the petitioner pursuant to a warrant but simply failed to address this point in their response. *Ramirez v. Baltazar*, No. 26-cv-01566-KAS, 2026 WL 1251616, at *4 (D. Colo. May 6, 2026) (granting Respondents this opportunity where petitioner had only included scant allegations regarding his initial detention). Here, in contrast, Petitioner clearly alleges circumstances surrounding her arrest, which render the existence of a warrant highly unlikely. Respondents have not controverted any of these allegations. Moreover, *Ramirez* and this Court's other similar prior rulings have

made Respondents particularly aware of the importance of addressing the warrant issue. *See, e.g.*, *Ramirez*, 2026 WL 1251616 at \*4; *Valenzuela Robles v. Valdez*, No. 26-cv-02091-KAS, 2026 WL 1487568, at \*3 (D. Colo. May 27, 2026) (pointing out that "Respondents fail to address whether Petitioner was arrested pursuant to a warrant."). In sum, Respondents have presented no argument that Petitioner was arrested pursuant to a warrant. Assuming a warrantless arrest, Respondents have also presented no argument that Petitioner's continued detention is justified in the § 1226 discretionary framework context. Accordingly, the Court finds that the proper remedy is to immediately release Petitioner.

### IV.    Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Petition [#1] be **GRANTED**.

IT IS FURTHER **ORDERED** that Respondents **release Petitioner within one day of the date of this Order** under appropriate conditions of supervision—which include the work permit Petitioner already has.

IT IS FURTHER **ORDERED** that Respondents **file a status report** to certify compliance **within 7 days** of the issuance of this Order.

Dated: June 18, 2026                              BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge